UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADDICKS SERVICES, INC., § | | |
| *Plaintiff*, § | | |
| § | | |
| vs. § | | CIVIL ACTION H-06-3478 |
| § | | |
| GGP-BRIDGELAND, L.P. F/K/A ROUSE- § | | |
| HOUSTON, L.P., BRIDGELAND GP, LLC, § | | |
| AND SAFECO INSURANCE COMPANY OF § | | |
| AMERICA, § | | |
| *Defendants*. § | | |

**ORDER**

This construction contract dispute is before the court on defendants' motion for clarification of the court's October 27, 2008 Summary Judgment Opinion and in the alternative motion for summary judgment to remove plaintiff's claims against the indemnity bond (Dkt. 92).[1]  The court heard oral argument on January 13, 2008.  The motion for clarification is granted, and the motion for summary judgment is denied.

**1.    Clarification**

This court has held that Addicks released its claims against the Bridgeland defendants for costs incurred through November 25, 2005 (Dkt. 91).  Defendants seek clarification that court implicitly, if not expressly, held that the releases also effectively released Addicks's right to a lien.

---

[1] The parties have consented to the jurisdiction of the magistrate court for all purposes, including final judgment (Dkt. 17).

Each release states that in consideration for a progress payment, Addicks "waives and releases its lien and right to claim a lien for labor, services, or materials furnished through" the date of the waiver. By signing the release, Addicks acknowledged that "the payment referenced above, once received, constitutes full and complete payment for all work performed, and all costs or expenses incurred . . . relative to work or improvements at the Project as of the date of this Waiver." Each release further states:[2]

> [T]he undersigned hereby specifically waives, quitclaims and releases any claim for damages due to delay, hindrance, interference, acceleration, inefficiencies or extra work, or any other claim of any kind it may have against the Owner , . . . or any other person with a legal or equitable interest in the Project, as of the date of this Waiver, except as follows: _____ _____

There is nothing written in the blank on any of the 15 releases.

The reasoning in the court's summary judgment opinion applies equally to any lien claim by Addicks. In other words, Addicks has released any right to claim a lien through November 25, 2005.

## 2. **Motion to Release Bond**

In February 2006, Addicks filed a mechanic's and materialman's lien against the Bridgeland property in an amount over $2,250,000. In order to release the lien and secure clear title to the property, the Bridgeland defendants procured a Release of Lien Bond from Safeco Insurance Company. Defendants argue that based on this court's summary judgment

---

[2]   *See, e.g.,* Bridgeland's Ex. A-1 at 1.

ruling, the Release of Lien Bond should be released and Addicks's claims against Safeco should be dismissed.

Whatever the ultimate legal effect of the court's summary judgment ruling on the status of the Release of Lien Bond, the court agrees with Addicks that it is premature for the court to order release of the bond at this time. The summary judgment ruling is interlocutory. Defendants can offer no authority for partial release of the bond under Texas Property Code § 53.160 or any other Texas law. Therefore, defendants' motion for summary judgment is denied.

Signed at Houston, Texas on January 14, 2009.

Stephen Wm Smith
United States Magistrate Judge